FILED

2017 Jan-25  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBRA SUE GARDNER, | ) | |
| an individual; | ) | |
| | ) | |
| PLAINTIFF | ) | |
| V. | ) | CASE NO.: |
| | ) | |
| COVENANT PLACE OF GARDENDALE, LP, | ) | **JURY TRIAL DEMANDED** |
| a Delaware Limited Partnership; | ) | |
| FADV BACKGROUND SERVICES CORP. | ) | |
| a Florida Corporation; | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, DEBRA SUE GARDNER ("GARDNER"), by and through undersigned counsel, and in support of her claim for relief against COVENANT PLACE OF GARDENDALE, LP ("COVENANT") and FADV BACKGROUND SERVICES CORP. ("FADV"), hereby states the following:

## I. NATURE OF THE CASE

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §1681 et. seq.) and for costs and attorney's fees.

2. In enacting the FCRA, Congress found "a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 168l(a)(4).

3. The FCRA:

> require[s] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

> 15 U.S.C. §1681(b).

4. Plaintiff, DEBRA SUE GARDNER lost at least one opportunity for employment after FADV wrongfully, and in violation of the procedures required by the FCRA, matched her with an individual living in Texas named Debra Gardner, a felon who had been convicted of criminal acts including theft, prostitution, and indecent exposure. FADV included this match in a background report it provided to COVENANT PLACE OF GARDENDALE, LP, a nursing home in Gardendale, Alabama. This error was due to FADV's failure to follow "reasonable procedures to assure maximum possible accuracy" of its consumer reports as mandated by 15 U.S.C. §1681e(b).   Based on this wrongful match, FADV, which was hired by COVENANT to provide employment background reports, provided false information to COVENANT.

5.     COVENANT violated the Fair Credit Reporting Act by not timely providing notice required by the FCRA to GARDNER before and after it had acquired the background report containing the match between GARDNER and Debra Gardner of Texas. COVENANT thereby deprived GARDNER of an opportunity to dispute the erroneous background report matching her with Debra Gardner of Texas, before they took the adverse action of judging her to be ineligible for employment.  This was in violation of 15 U.S.C. §1681b(b)(3).

6.     FADV also violated the FCRA, when, after GARDNER provided written notice to FADV of the inaccuracies, FADV failed to investigate, delete and correct the disputed information, and failed to notify GARDNER of the results of FADV's investigation in this regard, as required under § 1681i of the FCRA.

7.     The violations set forth herein are part of the pattern and practice of COVENANT and FADV to violate the FCRA.

## II. JURISDICTION

8.     This court has jurisdiction of this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331 in that all claims brought arise under the FCRA.

## III. PARTIES

9.      GARDNER is a natural person, and a United States citizen, and is and, at all

material times, was a resident of Jefferson County, Alabama.

10.     GARDNER is a consumer within the meaning of 15 U.S.C. §1681a(c) in that

she was, at all material times, and is, an individual.

11.     FADV is a foreign corporation that is doing business in Jefferson County,

Alabama, in the Federal Northern District of Alabama.

12.     COVENANT is a foreign Limited Partnership that is doing business in

Jefferson County, Alabama, in the Federal Northern District of Alabama.

13.     FADV is a consumer reporting agency, as defined in 15 U.S.C.

§1681a(f) because it:

> for monetary fees, dues, or on a cooperative nonprofit basis, regularly
> engages in whole or in part in the practice of assembling or evaluating
> consumer credit information or other information on consumers for the
> purpose of furnishing consumer reports to third parties, and which uses
> any means or facility of interstate commerce for the purpose of
> preparing or furnishing consumer reports.

## IV. VENUE

14.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a

substantial part of the events or omissions giving rise to GARDNER's claims

occurred in the federal Northern District of Alabama, and one or more of the

Defendants "resides" in the Northern District of Alabama.   Additionally,

GARDNER lives in the Northern District of Alabama.

## V.    JURY DEMAND

1.    Plaintiff invokes her right to trial by jury as provided for in 42 U.S.C. § 1981a(c)(1) and Rule 38 of the Federal Rules of Civil Procedure.

## VI.    STATEMENT OF FACTS

15.    On or about October 10, 2016, GARDNER applied for a position, via an internet job application web page, with COVENANT, at its place of business in Gardendale, Jefferson County, Alabama.

16.    Through information and belief, COVENANT contracted with FADV to perform background checks of prospective employees and prepare a "background report" of the information gathered and provide same to COVENANT.

17.    Through information and belief, on or about October 10, 2016, FADV prepared a background report based on the consumer file it created and maintained relating to GARDNER, in which it had matched GARDNER with another person named Debra Gardner, who had been arrested multiple times in Jefferson County, Texas, for various felonies including theft, prostitution, and indecent exposure.

18.     FADV provided this background report and/or determination of ineligibility for employment to COVENANT.

19.     FADV's website claims "First Advantage is the world leader in background screening!"[1] However, FADV made the erroneous match between GARDNER and another person named Debra Gardner of Texas, and provided same to COVENANT despite the fact that: (i) GARDNER lives, and has lived her entire life, except for a short period around 1980, in Alabama, which is approximately 600 miles away from Jefferson County, Texas; (ii) that GARDNER's middle name is "Sue," and not any middle name or initial that appears on the records for Debra Gardner of Texas of which FADV made the match with GARDNER; (iii) that GARDNER had only recently changed her last name to GARDNER in 2013, following her marriage to a man of that last name; (iv) that FADV had no indication of a match of social security numbers for the two persons; (v) that FADV had no indication of an address match for the two persons.   These are things that FADV easily could have, and should have, reviewed to determine that GARDNER was not Debra Gardner of Texas.

20.     GARDNER is not the Debra Gardner of Texas to whom she is matched in the background report prepared for COVENANT by FADV, and she has never been arrested for theft, prostitution, or indecent exposure in Texas, in Alabama, or anywhere else.

---

[1] https://www.fadv.com/

21.    On or about October 18 or 19, 2016, GARDNER received a letter, dated October 17, 2016, from COVENANT.  The letter indicated COVENANT would not hire GARDNER.  COVENANT did not provide GARDNER with a copy of the erroneous background report it used to determine that GARDNER was ineligible for employment, and which indicated the erroneous match to Debra Gardner of Texas and her arrest record. See "Letter from COVENANT", attached hereto as Exhibit "A".

22.    Several days after October 17, 2016, GARDNER received a letter from FADV by U.S. Mail stating that FADV had provided COVENANT with a background report.  See "Letter from First Advantage", attached hereto as Exhibit "B".  The letter from FADV also included a copy of the report provided to COVENANT which indicated the erroneous match of GARDNER with Debra Gardner of Texas, including Debra Gardner of Texas' various felony arrest records. See "First Advantage report on Debra Gardner", attached hereto as Exhibit "C".

23.    Unlike the background report to COVENANT which GARDNER believes was delivered to COVENANT by electronic means sometime before October 17, 2016, the notice sent to GARDENER by FADV was sent by regular United States Postal Service mail, and received several days after October 17th – well after COVENANT had already made a decision based on the erroneous information in the report.  By the time GARDNER actually received this notice, it was several days

after the adverse action was taken by COVENANT of refusing to hire GARDNER.

24.     It was not until receiving the above-referenced report and notice days after October 17, 2016, that GARDNER first discovered that FADV had erroneously matched GARDNER with Debra Gardner of Texas.

25.     After receiving the above-referenced erroneous background report and notices, GARDNER promptly contacted COVENANT to dispute the erroneous match advising COVENANT that she was not Debra Gardner of Texas, was not a felon, and had never been arrested for theft, prostitution or indecent exposure.

26.     Unfortunately, COVENANT refused to hire GARDNER.  Attempts by GARDNER to convince COVENANT that FADV had erroneously matched her with Debra Gardner of Texas were rebuffed without any consideration by COVENANT which adhered to its refusal to hire GARDNER.

27.     Through information and belief, GARDNER had progressed through several stages of the employment application process with COVENANT, including having had an interview at COVENANT.   GARDNER is informed and believes that, but for the erroneous match made by FADV between GARDNER and Debra Gardner of Texas, GARDNER would have been hired by COVENANT.  However, after COVENANT received FADV's erroneous report, COVENANT, through its agent, Kelley Herring, told GARDNER that she was not an "effective match".  GARDNER believes this statement was false and pretextual in that, as was its practice,

COVENANT only requested a background report and determination from FADV after COVENANT, and/or its agents, had determined GARDNER was otherwise qualified. Due to the actions of FADV, instead of being gainfully employed by COVENANT, GARDNER did not get hired by COVENANT.

28. The background report attached hereto as Exhibit "C" is a "consumer report" within the meaning of 15 U.S.C. §1681a(d) in that it was a:

> written…communication of any information by a consumer reporting agency bearing on a consumer's…character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for…(B) employment purposes

29. GARDNER has fulfilled all conditions precedent to the bringing of the action.

30. GARDNER has been required to retain the undersigned attorneys and is obligated to pay them reasonable attorneys' fees and costs.

## COUNT ONE:
### Violation of 15 U.S.C. §1681e(b) by FADV

31. GARDNER re-alleges and incorporates by reference the allegations contained herein.

32. Through information and belief, FADV made the matches between GARDNER and

Debra Gardner of Texas based only on first and last name and date of birth.

33. FADV ignored many easily reviewed identifying criteria which differentiated GARDNER from Debra Gardner of Texas, and FADV violated 15 U.S.C. §1681e(b) by preparing consumer reports relating to GARDNER without following reasonable procedures to assure maximum possible accuracy of the information concerning GARDNER.

34. FADV willfully violated 15 U.S.C. §1681e (b) in that it actions were in reckless disregard of the requirements of this provision. Thus, FADV is liable for punitive damages pursuant to 15 U.S.C. §1681n.

35. In the alternative, FADV negligently violated 15 U.S.C. §1681e (b) which entitles GARDNER to a recovery under 15 U.S.C. §1681o.

36. FADV's violations of the Fair Credit Reporting Act have caused great and irreparable injury to GARDNER.  GARDNER has suffered damages including, but not limited to, loss of prospective employment and wages and benefits, lost economic opportunities and positions and advances in the future, damage to her reputation, humiliation, physical pain and suffering, emotional distress, lasting psychological damage, mental anguish, loss of capacity for enjoyment of life, embarrassment, and other losses that are continuing in nature.

**WHEREFORE**, pursuant to 15 U.S.C. §§ 1681n and o, GARDNER demands the entry of judgment against FADV for damages including punitive and/or

exemplary damages, costs, pre and post judgment interest, attorney's fees and such

other relief as the court may deem necessary and appropriate.

## COUNT TWO:

## Violation of 15 U.S.C §1681b(b) by COVENANT

37. GARDNER realleges and incorporates by reference the allegations contained

herein.

38. § 1681b of the FCRA sets forth:

(b) Conditions for furnishing and using consumer reports for employment purposes
(2) Disclosure to consumer
(A) In general
Except as provided in subparagraph (B), a person may not procure a
consumer report, or cause a consumer report to be procured, for
employment purposes with respect to any consumer, unless--
(i) a clear and conspicuous disclosure has been made in writing
to the consumer at any time before the report is procured or
caused to be procured, in a document that consists solely of the
disclosure, that a consumer report may be obtained for
employment purposes; and
(ii) the consumer has authorized in writing (which authorization
may be made on the document referred to in clause (i)) the
procurement of the report by that person.

39. COVENANT *never* sent or provided any disclosure pursuant to

§1681b(b)(2) *before* it procured the report on GARDNER.

40. The FCRA further provides that any person "using a consumer report for

employment purposes" who intends to take any "adverse action based in whole or

in part on the report," must provide the consumer to whom the report relates a copy

of the consumer report and a written description of the rights of a consumer under the FCRA *before* taking such adverse action.  See 15 U.S.C. §1681b(b)(3)(A).

41.    An "adverse action" under 15 U.S.C. §1681b(b)(3)(A) includes "any…decision for employment purposes …that adversely affects any…prospective employees." 15 U.S.C. §1681a(k)(1)(B)(ii). Alternatively, an adverse action is an action taken or determination is made in connection with an employment application made by consumer and adverse to the interest of the consumer within the meaning of 15 U.S.C. §1681a(k)(B)(iv).

42.    Under the FCRA, a "person" includes a corporation under 15 U.S.C. §1681a(a).

43.    The notices and reports FADV sent to GARDNER via U.S. Mail on or after October 17, 2017 were sent *after* COVENANT had already taken the adverse action of finding her ineligible for employment.

44.    COVENANT *never* sent any report or written description of the rights of a consumer under the FCRA to GARDNER after procured the report and *before* making decision not to hire based on the FADV report.  Therefore, COVENANT took adverse action before providing GARDNER with the consumer report on which it was based, or a written description of her rights under the FCRA, thereby denying her the opportunity to dispute the erroneous match between GARDNER and Debra Gardner of Texas, before being denied employment in violation of §1681b(b)(3).

45.     COVENANT was a "person" who took adverse action relating to GARDNER when they determined not to hire her.

46.     COVENANT never provided GARDNER with any report or written notice at any time. COVENANT's taking of the adverse action of formally denying employment without giving GARDNER sufficient time after the consumer report was received, or a real opportunity to dispute the erroneous match between herself and Debra Gardner of Texas was also in violation of §1681b(b)(3).

47.     These violations of the FCRA were willful or, in the alternative, were negligent.

48.     COVENANT's violations of the Fair Credit Reporting Act have caused great and irreparable injury to GARDNER. GARDNER has suffered damages including, but not limited to, loss of prospective employment and wages and benefits, lost economic opportunities and positions and advances in the future, damage to her reputation, humiliation, physical pain and suffering, emotional distress, lasting psychological damage, mental anguish, loss of capacity for enjoyment of life, embarrassment, and other losses that are continuing in nature.

        **WHEREFORE**, pursuant to 15 U.S.C. §§ 1681n and 1681o, GARDNER demands entry of judgment against COVENANT for damages including exemplary and/or punitive damages, costs, pre and post judgment interest, and attorney's fees and such other relief as the court may deem necessary and appropriate.

## COUNT THREE

## Violation of 15 U.S.C. §1681k by FADV

49.     GARDNER  realleges  and  incorporates  by  reference  the  allegations

contained herein.

50.     Section 1681k of the FCRA provides that:

(a) In general

A consumer reporting agency which furnishes a consumer report for
employment purposes and which for that purpose compiles and
reports items of information on consumers which are matters of public
record and are likely to have an adverse effect upon a consumer's
ability to obtain employment shall—

(1) at the time such public record information is reported to the user of
such consumer report, notify the consumer of the fact that public
record information is being reported by the consumer reporting
agency, together with the name and address of the person to whom
such information is being reported; or

(2) maintain strict procedures designed to insure that whenever public
record information which is likely to have an adverse effect on a
consumer's ability to obtain employment is reported it is complete and
up to date. For purposes of this paragraph, items of public record
relating to arrests, indictments, convictions, suits, tax liens, and
outstanding judgments shall be considered up to date if the current
public record status of the item at the time of the report is reported.

51.     The notices and reports FADV sent to GARDNER sometime on or after

October 17, 2016 contained items of information on consumers which were matters of public record and were likely to have an adverse effect upon a GARDNER' ability to obtain employment.

52.     These notices and reports FADV sent to GARDNER were sent *after* FADV had reported such information to COVENANT, and FADV failed to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

53.     As the result of this failure, GARNDER was not provided with notice of the report provided to COVENANT and could not protest the virtually complete inaccuracy of the report.   Additionally, when FADV provided the report to COVENANT, FADV reported public record information about GARDNER that was neither complete, nor up to date.   For example, the report did not contain GARDNER's complete, current, and up to date address information, FADV did not report the fact that she only recently acquired the name "Gardner" in 2013, FADV did not report her middle name or initial, FADV did not report she had never lived in Texas, FADV did not report that she was formerly known as "Debra S. Dowdy, FADV did not report she was formerly known as "Debra S. Anderson.   The report was also incomplete and inaccurate because FADV did not report that FADV had not positively matched GARDNER to Debra Gardner of Texas.   Through

information and belief, FADV had obtained information regarding GARDNER which would differentiate and distinguish her from Debra Gardner of Texas, and was aware of the inaccurate match between GARDNER and Debra Gardner of Texas, but published the report to COVENANT regardless of this knowledge. Accordingly, FADV violated 15 U.S.C. §1681k(a).

54.     These violations of the FCRA were willful or, in the alternative, were negligent.

55.      FADV' violations of the Fair Credit Reporting Act have caused great and irreparable injury to GARDNER.  GARDNER has suffered damages including, but not limited to, loss of prospective employment, and wages and benefits, lost economic opportunities and positions and advances in the future, damage to her reputation, humiliation, physical pain and suffering, emotional distress, lasting psychological damage, mental anguish, loss of capacity for enjoyment of life, embarrassment, and other losses that are continuing in nature.

   **WHEREFORE**, pursuant to 15 U.S.C. §§ 1681n and 1681o, GARDNER demands entry of judgment against Defendants for damages including exemplary and/or punitive damages, costs, pre and post judgment interest, and attorney's fees and such other relief as the court may deem necessary and appropriate.

## COUNT FOUR
## Violation of 15 U.S.C. §1681i by FADV

56.      GARDNER realleges and incorporates by reference the allegations contained herein.

57.      On or about October 31, 2016, GARDNER sent written notice to FADV that the report FADV which had provided to COVENANT was inaccurate, and contained information pertaining to someone other than GARDNER.  GARDNER requested FADV to investigate the matter, and remove the incorrect information.

58.      FADV violated 15 U.S.C. § 1681i by failing to delete inaccurate information in GARDNER's file after receiving the afore described actual notice of such inaccuracies from GARDENER; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to COVENANT; by failing to provide GARDNER with written notice of the results of FADV's investigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in GARDNER's file; and by relying upon verification from a source it has reason to know is unreliable.

59.      As a result of this conduct, action, and inaction, of FADV, GARDNER has suffered damages including, but not limited to, loss of prospective employment, and wages and benefits, lost economic opportunities and positions and advances in the future, damage to her reputation, humiliation, physical pain and suffering, emotional distress, lasting psychological damage, mental anguish, loss of capacity for enjoyment of life, embarrassment, and other losses that are continuing in nature.

60.      FADV's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n by ignoring the information provided to FADV by GARDNER.  In the alternative, FADV was negligent, thereby entitling GARDNER to recover actual damages under 15 U.S.C. 1681o.

**WHEREFORE**, pursuant to 15 U.S.C. §§ 1681n and 1681o, GARDNER demands entry of judgment against Defendants for damages including exemplary and/or punitive damages, costs, pre and post judgment interest, and attorney's fees and such other relief as the court may deem necessary and appropriate.


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**


Respectfully Submitted on this, the 24th day of January, 2017.


*/s/ Thomas C. Donald*
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Email: cdonald@donaldlawfirm.com

*/s/ Michael E. Parrish*
Michael E. Parrish
ASB-5747-S69M, PAR075
PARRISH & THEUS, LLC

P.O. Box 590067
Birmingham, AL 35259-0067
Phone: 205 326 0026
Email: mike.parrish@parrish-theus.com


PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES:

**Covenant Place of Gardendale, LP**
c/o PAUL ROBERTS
745 MONTGOMERY DR
BIMINGHAM, AL 35213

**FADV Background Services Corp.**
c/o CSC LAWYERS INCORPORATING SVC INC
150 S PERRY ST
MONTGOMERY, AL 36104